Good morning. May it please the Court. I'm Daniel Kaplan. I represent the appellant Roger Campbell. I will be hoping to save about two minutes, so I'll watch the clock and try to save that time for rebuttal. Depending on how the Court resolves the interpretive question underlying this appeal, the sentence of either nine months or, on the other hand, 26 years could be said to be the maximum consistent with the recommendation of the sentencing guidelines. If there were ever a case that called out for the application of the rule of lenity, this would be that case. The sentencing on revocation of a term of supervised release is governed by Chapter 7 of the guidelines. These are policy statements, recommendations after Booker, recommendations just like all the other portions of the sentencing guidelines. Chapter 7 is silent on the question at issue in this appeal, which is when there are multiple concurrent terms of supervised release that are revoked all at once, should the sentencing to prison for the revocation of each one of those concurrent terms run consecutively or run concurrently? If they run concurrently, in this case, nine months would be the maximum sentence that could be said to be consistent with the guidelines. If they can run concurrently or concurrently. Sotomayor Is there any case law about – I think you can assume that we knew the groundwork here. Is there any case concerning whether if there are concurrent sentences of imprisonment, there can be consecutive sentences of supervised release? Say you had the same 35 male fraud convictions. I mean, I'm not talking about revocation now. I'm just talking about the initial sentence. Well, my understanding is that under 18 U.S.C. 3624e, sentences of – of supervised release must run concurrently to each other. So I believe – If what? If the underlying – if the imprisonment sentences run concurrently? What if the imprisonment sentences run consecutively? I think that the statute would cover – doesn't distinguish between those situations. So I believe it's not qualified. So which statute are you talking about now? It's 18 U.S.C. section 3624e. 3624. Okay. And it's discussed in the cases from this Court that address a parallel question to the question in this appeal, which is the statutory restraint on running sentences concurrent in this situation. That statute is discussed in this Court's two cases, Jackson and Sinodakis. There was, of course, an argument. 3624e says the term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. So that appears to be, and I believe has been interpreted as, including by this Court, a blanket requirement, supervised release terms run concurrently to each other. Counsel, what is our standard of review? The standard of review is de novo because this is a question of interpretation of the sentencing guidelines. Our argument is that the guidelines should be interpreted in light of the ambiguity brought about by the silence on this specific question as recommending against consecutive sentences. But was any objection raised to the imposition of consecutive sentences? Yes, Your Honor. At the final disposition hearing, this is on page 34 of the excerpts of record, the trial attorney, Mr. Williams, said, Judge, we had asked the Court to consider a sentence within the policy statement, the recommended range. The Court responded, this is actually within the policy statement. It's just consecutive. Mr. Williams then responded, I mean concurrent, within the 3 to 9 months range. And then again, on the following page, page 35, Mr. Williams said, we would ask the Court to sentence him somewhere within the 3 to 9-month range and run those sentences concurrent. But there was no indication that it was unlawful to sentence consecutively or an error of law to do so. It's not unlawful, and I'm not arguing now that it's unlawful. You said it's an issue of law, and we have de novo review. So what's your argument now? What I mean is, when I said that, what I mean is it's not – it doesn't violate any statute. This Court held in Jackson and – Does it violate the guidelines? It doesn't violate – that it does violate the guidelines. When I say it's not unlawful, I mean it's not barred by any statute. I think it's a – I think it's – I think that the judge misinterpreted the guidelines. Did you – was that objection raised, that imposition of consecutive sentences would be a violation of the guidelines? I believe it's implicit when Mr. Williams says he means concurrent. When the judge says it's within the guidelines, and he says, no, I think it needs to be – it should be concurrent. That's just asking for a concurrent sentence as opposed to a consecutive sentence. But do you think it fairly conveys to the judge the notion that sentencing consecutively would be outside the parameters of the guidelines? I think it does. However, I understand it could be clearer than it is, and I understand this Court may believe that he could have been more explicit about the specific argument I'm making now. However, I believe that his objection and his statement is sufficient to preserve the issue under Federal Rule of Criminal Procedure 51, which states a party may preserve a claim of error by informing the Court when the Court ruling or order is made or sought of the action the party wishes the Court to take or the party's objection to the Court's action and the grounds for that objection. So he stated what he wanted the Court to do. He said, I want this to be run consecutive. He also said that would be – He said he wanted it concurrent. I'm sorry. I'm sorry. Thank you. He said I want this Court to run the sentences concurrent. And under Rule 51, that appears to be perfectly adequate to preserve the issue and not be a situation where plain error would be applied, and it would be simply a question of the legal interpretation, the de novo review of the district court's interpretation of the guidelines as consistent. In terms of the guidelines, looking at them, what we have basically is this little chart, right? And the chart – I'm trying to find it now, and I'm not – yeah – has a criminal history category horizontally and a grade of violation vertically. There was one violation here, right? He admitted to one violation. I mean, there may – what I mean is there weren't 35 violations. Correct. There was one violation that's supported revocation. So the question is whether this chart, which seems to correlate the sentence with violation in the criminal history category, at least implies that it's per violation, not per term that you're sentenced to this amount. Well, there's really no indication one way or another. And a couple of courts that are discussed in the brief have said that the guidelines  cases from other circuits have made that observation. I believe that's accurate. There's nothing in the table to say these are run concurrently or consecutively. There are, however – there is, however, in Chapter 7, another instance in which the guidelines specifically state under these circumstances a sentence upon revocation should run concurrent, consecutive – sorry, consecutive to another sentence. And, of course, part of our argument is, applying the negative pregnant rule of should be read as recommending against that. And given the time left, I think I would like to reserve my remaining time for rebuttal. Yes. Thank you. Good morning, Your Honors. May it please the Court, my name is Kaitlin Noel. I'm an assistant U.S. attorney in Phoenix, and I'm here on behalf of the United States. Mr. Campbell's sole claim on appeal is that the district court miscalculated the guidelines by failing to acknowledge a preference for concurrent sentences upon revocation of multiple concurrent terms of supervised release. Of course, the problem with this argument is that the guidelines express no such preference. As Mr. Campbell concedes – I'll start with the notion that, first of all, that I gather the original terms of supervision are concurrent by statute. Now, I understand that the statute has been interpreted to allow these consecutive sentences on revocation, but it's – it would at least be an oddity if the guidelines, with your little chart, which seems to talk about per violation, meant to allow, as he's saying, 26 years of imprisonment for one violation. That would be strange. Well, in response to that, I would note that, of course, as always, the district court's discretion to impose – Well, of course, but the guidelines were supposed to provide some guidance, and when they're that out of whack, they're not providing anybody with any guidance because nobody's – I mean, the sentence that would thereby be suggested would be ridiculous. Well, I think the – based on the chart in Chapter 7, I think the district court would still be starting with the 3- to 9-month number that's in the chart. And it would then just be exercising its – Is it of no significance that the chart is set up per revocation, not per term? I don't think that the – anything in Chapter 7 addresses how to deal with this specific situation of multiple concurrent terms of supervised release. I agree that that chart – But the whole premise of the guidelines with regard to revocation, as I understand it, is that the sentence should reflect – this is the reason for the Class A, B, and C – the nature of the revocation, not the – the nature of the violation, not the nature of the underlying sentence, right, or of the underlying crime, right? So here we have – whenever he – I gather he didn't report and he absconded for a while and so on. But he did it once. He didn't do it 35 times. And isn't the implication of the guidelines that we are sentencing people for what he did to violate the supervised release conditions and nothing else, and he only did that – he only did one thing? You're correct, of course, that the – he only did one thing. There was one violation found here. But he was subject to multiple terms, so that was a violation of all 35 of the terms of supervised release. And again, the – I mean, he ended up with more, as I understand it, a higher sentence on the revocation than he got on the underlying imprisonment term. That's correct. And for the underlying case, the district court varied downward. And he could have gotten 10 times or 20 times as much. That is correct. And under the statute, as this court interpreted in Zinadakis and Jackson, it would have been – the court would have been perfectly within its authority to impose consecutive sentences. But again, I think in light of the backdrop of the requirement that the – in Section 3584, that in choosing between concurrent and consecutive sentences, the district court consider the applicable Section 3553A factors. I think if the court had decided to impose consecutive sentences, consecutive nine-month sentences for all 35 of the counts, there would have been an issue of substantive reasonableness. The district court's discretion is, as always, informed by those section – the applicable Section 3553A factors. And I think it's telling that in this case Mr. Campbell is not raising a claim of substantive unreasonableness. And that's because given the conduct here, and that includes absconding from supervision for over two years and failing to pay any of the over $850,000 of restitution that was owed, the district court looked at the policy statement, noted that it didn't take into account the extent of the violation here, and concluded that based on that conduct it was appropriate to order five-month sentences which were within the policy statement range, but to order five of those sentences to be served consecutively for a total of 25 months. Counsel, is it unusual upon revocation for a defendant to be sentenced to a term that is longer than the original term of imprisonment? Is that unusual? Your Honor, I've only been in AUSA for six months, so in my personal experience it is a little bit unusual, but I do think that the record here reflects that the district court considered the conduct that was at issue here, and given the seriousness of the violation, just the complete refusal to comply with the conditions of supervised release here, and particularly where the district court had varied downward in the initial imposition of sentences, that that conduct warranted a term of imprisonment that in this case did happen to be one month longer than the original term of imprisonment that was imposed. When I was a district court judge I remember we had to inform the defendants at sentencing that if their supervised release was revoked it would be possible for them to serve more time than they were originally sentenced to. So that's why I asked you that, to see if that was still the case. As I said, I don't have enough experience to know whether this is unusual in itself. I do note that at the admit-deny hearing in this particular case, Mr. Campbell was advised by the magistrate judge that the district court could potentially impose consecutive sentences up to a total of 840 months, and also noted that with respect to the policy statement range of three to nine months that that range was as to each count. So I do think that in this particular case when he decided to admit to one violation of each of his 35 terms of supervised release that he was on notice that he could potentially receive a sentence that was lengthier than the initial term of imprisonment that had been imposed. Anything else? No, Your Honor. If the court has no further questions for me the government asks that the court affirm the sentence below. Thank you. Thank you, Your Honor. A couple of quick points. It's worth noting that there were 80 counts in the indictment in this case and in the end the deal was worked out and Mr. Campbell... There were 80 what, I'm sorry? There were 80 counts and he pleaded... So it could have been 80? If it had been 80 counts and he had 80 concurrent supervised release terms... If that started to happen you could challenge the reasonableness of the sentence. Even rare as it is you would probably win. It's possible, Your Honor. It is pretty rare. I would point out though this question about the judge's ability to reasonably go outside of the guidelines range really shows why the court should not have any hesitation or concern about agreeing with the interpretation that I am recommending because... Isn't there an outside limit on supervised release sentences? Yes. Under 3583D there is a cap. Of what? Five years, I think? It depends on the nature of the original felony. In this case I believe it was a grade C so it was two years. But you think that... But on that theory and in theory of the Zinni Dacus case it would still be per term, presumably. Right. So it was 840 months as the government correctly notes. So not much of a cap in this instance. But the fact that as the government correctly points out the court can reasonably go outside the guidelines range really just shows why there isn't any concern here that if my interpretation is accepted there would be any undue or inappropriate constraint on the court. If in fact the range were understood to be no more than 9 months under the guidelines the court could still reasonably say because of the nature of this violation I think something more than the guidelines is recommended. The question is the court should be required to make that determination understanding that the maximum guidelines recommendation is 9 months not 26 years. If she goes to what's appropriate thinking the guidelines max is 26 years she's very likely to go higher than if she does it knowing the guidelines max is 9 months. Okay. Thank you very much. Thank you. The case of United States v. Campbell is submitted. We will go to Mitchell v. Chronister. Thank you.
judges: Berzon, Rawlinson, Watford